## Ex parte GEORGE RICHARD ZORN, Petitioner.

**Division Two, March 21, 1912.**

1. **INSANITY: Probate Court: Jurisdiction.** Probate courts have full jurisdiction to pass upon the sanity of persons brought before them to answer informations charging unsoundness of mind. The Constitution (Sec. 34, Art. 6) expressly authorizes probate courts to appoint guardians and curators for persons of unsound mind, and that power implies the power to pass upon the sanity of the person for whom such guardian or curator is to be appointed.

2. ———: ———: ———: **County.** The probate court of the county of the residence of the person alleged to be insane, and not that of the county in which he is being confined in a state hospital as a private patient, is the proper court to conduct the inquiry into the alleged insanity of such person.

3. ———: ———: ———: ———: **Process to Another County.** And the probate court of the county of such person's residence has jurisdiction to send its process to the county in which such person is confined and have it served there.

4. ———: ———: ———: **Process: General Statute: Section 3863.** Although the statute does not expressly authorize probate courts to send their notices or writs to other counties to be served upon persons sought to be declared insane, yet as

probate courts are a part of the judicial system of the State and are empowered by the Constitution to pass upon the sanity of persons, the instrumentalities for invoking their jurisdiction in that class of cases may be prescribed by general law; and that has been done by Sec. 3863, R. S. 1909, declaring that "all courts shall have power to issue all writs which may be necessary in the exercise of their respective jurisdictions, according to the principles and usages of law."

## Habeas Corpus.

WRIT DENIED.

*L. R. Weiss* for petitioner.

*Rozzelle, Vineyard & Thatcher* for respondent.

BROWN, J.—*Habeas corpus* instituted in this court on February 23, 1912, to secure the release of petitioner from Dr. C. R. Woodson's sanitarium in St. Joseph, Buchanan county, Missouri, where it is alleged he is unlawfully restrained of his liberty.

The sole issue in the case is the alleged invalidity of a judgment of the probate court of Jackson county, entered on October 29, 1909, adjudging the petitioner insane and appointing a guardian of his person and curator of his estate, under the provisions of article 19, chapter 2, Revised Statutes 1909.

When the information upon which petitioner was adjudged to be of unsound mind was filed, he was an inmate of the State Hospital for the Insane at St. Joseph, Missouri, where he had been placed as a private patient without any judicial determination that he was in fact insane. He was placed in the State Hospital by his stepfather, Dr. Louis Zorn, the same person who sued out the writ of *habeas corpus* in this case.

Since petitoner was adjudged insane and a guardian appointed for him, that guardian has caused him to be confined in Dr. C. R. Woodson's sanitarium; and if the judgment of the probate court of Jackson county declaring the petitioner to be insane is valid, then the

petitioner must be remanded to the custody of Dr. Woodson; otherwise, he must be discharged.

The proceeding to have petitioner declared insane was instituted in Jackson county, because he owned property situated in that county and resided there before he was entered as a private patient at the State Hospital in Buchanan county.

Notice of the proceeding was issued by the probate court of Jackson county to the sheriff of Buchanan county, and by said sheriff duly served upon petitioner in that county. No appearance was made by or for petitioner before the probate court of Jackson county.

In this action the petitioner contends that the probate court of Jackson county possessed no jurisdiction to send its process to Buchanan county to secure service upon him; that there is no statute authorizing a probate court to send its process beyond its county and thereby acquire jurisdiction to adjudge parties insane who are outside of the county where the proceeding is instituted.

Learned attorneys for petitioner and Dr. Woodson have favored us with exhaustive briefs on every phase of the case; but we do not feel called upon to encumber this opinion with a review of all the authorities cited.

That probate courts have full jurisdiction to pass upon the sanity of persons brought before them to answer informations charging unsoundness of mind, cannot be disputed. Section 34, article 6, of our Constitution, expressly authorizes probate courts to appoint guardians and curators for persons of unsound mind. This power to appoint guardians for insane persons implies the power to pass upon the sanity of the persons for whom such guardians are to be appointed. This power is as clearly implied as is the power of the probate court to determine that a property owner

is dead before appointing an administrator for his estate.

We have no hesitation in holding that Jackson county was the proper place to conduct the inquiry into the alleged insanity of petitioner, because that county was the place of his residence. One of the objects of article 19, chapter 2, Revised Statutes 1909, is to protect and preserve the property of persons of unsound mind. This is evidenced by the fact that the proceeding cannot be instituted in the probate court if the insane person has no property. It is apparent that the Legislature intended that the guardians of insane persons should be appointed and their estates administered in the county of their residence where their property is located, and where their friends and acquaintances are likely to reside. [State ex rel. v. Wurdeman, 129 Mo. App. 263.] It is true that article 19, chapter 2, Revised Statutes 1909, does not expressly authorize probate courts to send their notices or writs to other counties to be served upon parties sought to be declared insane. Probate courts are part of the judicial system of our State, being created by the Constitution, and empowered by that document to pass upon the sanity of individuals; therefore, the instrumentalities for invoking their jurisdiction in that class of cases may be prescribed by general law

Article 1, chapter 35, Revised Statutes 1909, prescribing the powers and duties common to all courts of this State, contains the following section: "All courts shall have power to issue all writs which may be necessary in the exercise of their jurisdictions according to the principles and usages of law." [Sec. 3863, R. S. 1909.]

To the same effect is section 4061, Revised Statutes 1909, found in the law defining the power and jurisdiction of probate courts.

The foregoing statutory provisions are a complete answer to the contention of petitioner that there

is no statute under which the probate court may send its citation or other process outside of its county for service upon a party charged by information with being of unsound mind and incapable of managing his affairs.

If the guardian of petitioner is not performing his duty according to law, the remedy pointed out by section 522, Revised Statutes 1909, can be invoked; and if petitioner has been or shall hereafter be restored to his right mind, he may be released under the provisions of sections 519 and 520, Revised Statutes 1909. There is no such issue in this case.

Finding that the petitioner is restrained of his liberty by due process of law, the judgment of this court is that he be remanded to the custody of Dr. C. R. Woodson, at St. Joseph, in Buchanan county, Missouri. *Ferriss, P. J.,* and *Kennish, J.,* concur.